# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CALVIN SMITH,<br><br>          Petitioner,<br><br>   v.<br><br>JERRY HOWELL, et al.,<br><br>          Respondents. | Case No. 2:19-cv-01858-KJD-BNW<br><br>**ORDER** |

Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

The law restricts petitioner's ability to pursue a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment of conviction is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the state district court, petitioner pleaded guilty to robbery with the use of a deadly weapon and conspiracy to commit robbery. The state district court entered its judgment of conviction on January 29, 2014. ECF No. 1-1, at 1. See also State v. Smith, No. C-13-290176-1.[1] Petitioner did not appeal, and the judgment of conviction became final at the end of February 28, 2014, when the time to file a notice of appeal expired.

On January 5, 2015, petitioner filed a post-conviction habeas corpus petition in the state district court. Between the finality of the judgment of conviction and the filing of the state petition, 310 non-tolled days had passed.[2] The state district court denied the petition. Petitioner appealed. The Nevada Supreme Court referred the case to the Nevada Court of Appeals. On September 13, 2017, the Nevada Court of Appeals affirmed. On October 13, 2017, the Nevada Supreme Court issued the remittitur. Smith v. State, No. 71640 & 71640-COA.[3] The one-year period was tolled while the state petition was pending. The one year period resumed after the Nevada Supreme Court issued the remittitur.

On October 13, 2019, petitioner delivered his current federal habeas corpus petition for mailing to this court. Between the issuance of the remittitur in the state post-conviction proceedings and the mailing of the federal petition, 729 non-tolled days had passed.[4]

On its face, the federal petition is untimely. A total of 1,039 non-tolled days had passed from finality of the judgment of conviction to mailing of the federal petition. Put another way, the one-year period expired at the end of December 11, 2017, about 2 months after issuance of the remittitur, and about 22 months before petitioner mailed his federal petition. Petitioner will need to show cause why the court should not dismiss the petition as untimely.

Petitioner also has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (report generated November 22, 2019). The case number needs to be entered exactly on the search line.
[2] The court does not count the date of filing of the state petition as a non-tolled day.
[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=50714&combined=true (report generated November 22, 2019).
[4] The court does not count the date of mailing the federal petition as a non-tolled day.

3

court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. <u>Weygandt</u>, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently at ECF No. 1-1 and ECF No. 1-2, respectively.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to show cause why the court should not dismiss the action as untimely. Failure to file a showing of cause will result in the dismissal of this action as untimely.

IT FURTHER IS ORDERED that that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: November 25, 2019

_____
KENT J. DAWSON
United States District Judge