1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                           **DISTRICT OF NEVADA**

10

11   CALVIN SMITH,                          Case No. 2:19-cv-01858-KJD-BNW

12              Petitioner,                  **ORDER**

13        v.

14   JERRY HOWELL, et al.,

15              Respondents.

16

17   **I.       Introduction**

18        The court directed petitioner to show cause why this action should not be dismissed as

19   untimely.  ECF No. 5.  Petitioner has filed a response to the order.  ECF No. 15.  Based upon

20   petitioner's arguments, the court will direct respondents to file a response.

21   **II.      Summary of Time Calculations**

22        Petitioner's judgment of conviction became final on February 28, 2014, when the time to

23   appeal the judgment expired.  Petitioner filed his state post-conviction habeas corpus petition on

24   January 5, 2015, 310 days later.  The federal period of limitation was tolled while the state

25   petition was pending.  28 U.S.C. § 2244(d)(2).  The state post-conviction proceedings ended with

26   the Nevada Supreme Court issuing its remittitur on October 13, 2017.  Petitioner delivered the

27   current federal habeas corpus petition for mailing on October 13, 2019, 729 days later.  Without

28   equitable tolling, the action is untimely.

                                               1

**III.   Legal Standard**

The one-year period of limitation of 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

**IV.   Discussion**

Petitioner argues that he did not know that his state post-conviction habeas corpus proceedings had concluded until shortly before he filed his federal habeas corpus petition.  First, he states that his post-conviction counsel did not inform him that the Nevada Court of Appeals had decided his post-conviction appeal on September 13, 2017.  ECF No. 15 at 10.  Second, Petitioner states that he wrote post-conviction counsel on September 27, 2017, asking about the status of his appeal, but the letter was returned.  Id. at 10-11, 39-42.  Third, petitioner states that he wrote the Nevada Supreme Court on November 1, 2017, asking about the status of his appeal. Id. at 11, 43-44.  Petitioner states further that the clerk of that court sent him an incomplete docket sheet that showed only docket entries through January 30, 2017, and did not show the September 13, 2017 decision.  Id. at 11-12, 45-46.  Fourth, Petitioner states that in early October 2019, while using the prison law library's computer, he learned that the Nevada Court of Appeals had decided his appeal on September 13, 2017.  Id. at 12-13.  Petitioner then sent his federal petition to this court on October 13, 2019.

The court cannot evaluate petitioner's arguments based upon the documents that it possesses.  First, the court does not have the prison's mail log, which might show whether petitioner did receive mail from post-conviction counsel.  Second, the copy of the envelope that petitioner provided shows that the Postal Service returned his letter to counsel because counsel was not known at that address, but the court does not have documents which might show that petitioner knew counsel's address at the time.  Third, petitioner has attached page 1 of the Nevada Supreme Court's docket sheet, but the court does not know whether the Nevada Supreme Court sent only page 1 or the complete docket sheet.  Fourth, while petitioner did send a petition to this

court soon after his stated date of learning that his appeal had been decided, it is not clear whether petitioner could have checked the Nevada Supreme Court's on-line docket earlier.  Therefore, the court cannot determine, based upon the record it possesses, whether extraordinary circumstances existed and whether petitioner had been diligent in pursuing his rights.

The court will direct respondents to file an answer or other response to the petition.  If they wish, then they may argue that the petition is untimely.

**V.    Conclusion**

IT THEREFORE IS ORDERED that respondents shall file a response to the petition (ECF No. 6), including potentially by motion to dismiss, within sixty (60) days of entry of this order and that petitioner may file a reply within thirty (30) days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

3

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED:   April 14, 2020

_____
KENT J. DAWSON
United States District Judge