UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CALVIN SMITH,<br><br>        Petitioner,<br><br>    v.<br><br>JERRY HOWELL, et al.,<br><br>        Respondents. | Case No. 2:19-cv-01858-KJD-BNW<br><br>**ORDER** |

**I.    Introduction**

      This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court are the petition for a writ of habeas corpus (ECF No. 6) and respondents' motion to dismiss (ECF No. 25). Petitioner, Calvin Smith, did not file a response, and thus he consents to the granting of the motion. LR 7-2(d). The action is untimely, and the court grants the motion to dismiss for that reason. Additionally, Smith has not exhausted two of his three grounds for relief.

      Respondents also have filed a motion for leave to file presentence report <u>in camera</u> and under seal (ECF No. 27). The court grants this motion.

**II.    Procedural Background**

      Smith agreed to plead guilty to one count of conspiracy to commit robbery and two counts of robbery with the use of a deadly weapon. Ex. 11 (ECF No. 26-11). The prosecution retained the right to argue at sentencing. Petitioner acknowledged that if he failed to appear or an

independent magistrate confirmed probable cause for any criminal charges excluding minor traffic violations, the prosecution had the right to argue for either "small" or "large" habitual-criminal treatment. Id.

The state district court entered its judgment of conviction on January 29, 2014. Ex. 12 (ECF No. 26-12). Smith did not appeal.

Smith filed a post-conviction habeas corpus petition in the state district court on January 5, 2015. Ex. 15 (ECF No. 26-15). The state district court appointed counsel. After an evidentiary hearing on March 4, 2016, the state district court denied the petition on October 17, 2016. Exs. 26, 29 (ECF No. 26-26, 26-29). Smith appealed. Ex. 31 (ECF No. 26-31). Counsel filed an opening brief. Ex. 40 (ECF No. 11-40). The Nevada Supreme Court transferred the case to the Nevada Court of Appeals for a decision. Ex. 43 (ECF No. 26-43). The Nevada Court of Appeals affirmed the denial of the petition on September 13, 2017. Ex. 44 (ECF No. 26-44). The Nevada Court of Appeals transferred the case back to the Nevada Supreme Court, which issued its remittitur on October 13, 2017. Ex. 46 (ECF No. 26-46).

Smith dispatched his habeas corpus petition under 28 U.S.C. § 2254 to this court on October 13, 2019. ECF No. 6 at 1.

**III.	Legal Standard**

**A.	Statute of Limitations**

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

        (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

### B. Exhaustion of State-Court Remedies

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

## III. Discussion

### A. The Action Is Untimely

Petitioner's judgment of conviction became final on February 28, 2014, when the time to appeal the judgment expired. Petitioner filed his state post-conviction habeas corpus petition on January 5, 2015, 310 days later. The federal period of limitation was tolled while the state petition was pending. 28 U.S.C. § 2244(d)(2). The state post-conviction proceedings ended with the Nevada Supreme Court issuing its remittitur on October 13, 2017. Petitioner delivered the

current federal habeas corpus petition for mailing on October 13, 2019, 729 days later. The action is untimely.

When the court initially screened Smith's petition, it noted that the action was untimely under 28 U.S.C. § 2244(d)(1), and the court directed him to show cause why the court should not dismiss the action. ECF No. 5. Smith responded that he did not know that his state post-conviction proceedings had ended back in 2017 until shortly before he commenced this action. The court noted that it did not have enough information to determine whether Smith had demonstrated an extraordinary circumstance that kept him from filing his petition on time and whether Smith had acted diligently. ECF No. 16 at 2-3. The court thus directed respondents to respond to the petition, with the possibility of arguing that the action is untimely. Id. at 3.

Smith did not respond to the motion to dismiss, and thus he did not provide the information that the court needed. Consequently, the court cannot hold that equitable tolling is warranted. The court dismisses the action as untimely.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

**B.     Grounds 2 and 3 Are Unexhausted**

Smith's three grounds for relief all are claims of ineffective assistance of trial counsel. Respondents argue that grounds 2 and 3 are unexhausted, and the court agrees.

In ground 1, Smith claims that trial counsel failed to move to suppress Smith's statements given in a custodial interrogation because he was under the influence of marijuana at the time. This is the same as the sole issue that Smith raised in his post-conviction appeal. See Ex. 40 at 7-10 (ECF No. 26-40 at 11-14).

In ground 2, Smith claims that trial counsel did not discuss available defenses and that trial counsel coerced Smith to accept the plea offer. Smith did not present this claim in his opening brief in his post-conviction appeal. Ground 2 is unexhausted.

In ground 3, Smith claims that his plea was not knowing, voluntary, or intelligent, because trial counsel did not inform him what the prosecution would argue at sentencing and what

information the court would consider at sentencing. Smith did not present this claim in his opening brief in his post-conviction appeal. Ground 3 is unexhausted.

The court will not direct Smith to decide what to do with these unexhausted grounds because the court is dismissing the entire action as untimely.

### C. Conclusory Claims

Respondents argue that all three grounds are conclusory and lacking in factual support. The court will not address this argument because the court is dismissing the entire action as untimely.

### D. Sealing the Presentence Report

Respondents have filed a motion for leave to file presentence report <u>in camera</u> and under seal. ECF No. 27. The exhibit in question is the presentence investigation report, which contains confidential information that might be misused. Compelling reasons exist to grant respondents' motion. <u>See</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006).

## V. Conclusion

IT THEREFORE IS ORDERED that respondents' motion for leave to file presentence report <u>in camera</u> and under seal (ECF No. 27) is **GRANTED**.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 25) is **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: June 7, 2021

_____
KENT J. DAWSON
United States District Judge